RAFAEL TORO MERCADO, ETC., Plaintiff and Appellee, *v.* PORTO RICAN AND AMERICAN INSURANCE COMPANY, Defendant and Appellant.

No. R–62–2. Decided March 11, 1963.

*Héctor Martínez Muñoz* for appellant. *E. Alcaraz Casablanca* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

In a certificate issued by Dr. Luis Roberto Perea on the examination made by him on the young man Rafael Toro Mercado the same day of the occurrence of the accident which gave rise to this litigation the said physician set forth that he presented a lacerated wound one inch long on the chin, and also that "such wound is not serious and that there will be no resulting disfigurement or permanent disability." At the trial held 18 months later plaintiff's attorney asked the injured party to step over to the railing and to show to the

trial judge the scar of the wound received, in order to enable the magistrate to make a proper evaluation of the extent and nature thereof. The judge said the following: "The young man has a scar about three-fourth inch long on the chin. It is not very visible ... I mean, at that distance [1] it is slightly visible, but it does not have any protuberance. The color of the skin is more or less the same as that of the rest of plaintiff's face." He then commented, "A person who does not know that there is a scar does not notice it."

The evidence shows that after sustaining the accident the injured young man was taken to Clínica Perea, of Mayagüez, where they satured the wound with two stitches. He was administered an injection and X rays were taken. The stitches were cut three or four days later and a bandage applied to cover the chin for about two weeks. He was absent from school two days.

We agreed to review the judgment awarding a $5,000 indemnity and $500 for attorney's fees, as prayed for in the complaint. The only error assigned challenges the compensation as excessive.[2]

■■ The evaluation of the damages, especially for physical suffering and mental anguish, rests on the sound discretion of the trier, *Santaella* v. *Licari*, 83 P.R.R. 855 (1961), for the purpose of compensating the injured party, and in the absence of special circumstances, without the purpose of penalizing the wrongdoer, *Rivera* v. *Rossi*, 64 P.R.R. 683, 686 (1945). It is no easy task, for pain and suffer-

---

[1] Plaintiff young man was at a distance of 10 to 12 feet from the railing.

[2] The facts for which defendant was held liable are summed up as follows in the findings of fact of the trial court: "On March 20, 1959, around noontime, minor Rafael Toro Mercado, aged 19, received injuries as he was riding his bicycle along Calle 11 de Agosto of Mayagüez in a west-to-east direction and bumped into the door of an automobile which had just been parked on the right-hand side of the street and as Alfonso Acevedo, the chauffeur of the vehicle, was opening the left door to step out by the side of the vehicle on the center of the street."

ing cannot be calculated. For how much would the injured be willing to undergo voluntarily the suffering, is not the proper test, *Standard Oil Co. of California* v. *Shields,* 119 P.2d 116, 119 (Ariz. 1941), cited with approval in *Alabama Freight Lines* v. *Thevenot,* 204 P.2d 1050, 1052 (Ariz. 1949). Recently there has been a marked tendency to award great amounts, perhaps to emphasize the insurance companies' liability,[3] *Ortiz* v. *Great Am. Indemnity Co.,* 83 P.R.R. 296 (1961); *Pérez* v. *Vazqueztell,* 86 P.R.R. 109 (1962). However, we must not forget that in the last analysis these losses are apportioned among the members of a large sector of the population and that in the end they result in a pecuniary loss to society as a whole. ATKINS, *The Impact of the Growth of Enterprise Liability on the Theory of Damages in Accident Cases,* 20 La. L. Rev. 50 (1959); MORRIS, *Liability for Pain and Suffering,* 59 Colum. L. Rev. 476 (1959); JAFFE, *Damages for Personal Injury: The Impact of Insurance,* 18 Law & Contemp. Prob. 219 (1953); JAMES AND THORNTON, *The Impact of Insurance on the Law of Torts,* 15 Law & Contemp. Prob. 431 (1950); JAMES, *Accident Liability Reconsidered: The Impact of Liability Insurance,* 57 Yale L. J. 549 (1948). That is why the award of the amount of damages should be governed by an orderly evaluation, sound reflection, and a careful ethical evaluation of the conduct of the participants in the tortious act or failure. See, in general, 2 HARPER AND JAMES, The Law of Torts 1299 *et seq.* (1956).

In the case at bar the inescapable conclusion is that the indemnity awarded is clearly excessive. No disability or severe injuries are involved. A slight wound on the chin—so characteristic of childhood years—hardly perceptible and without further consequences. There is no privation of a vital part of the body or serious injuries. What is then the justification for such a disproportionate compensation?

---

[3] In some instances the compensations awarded have not been adequate and it has been necessary to increase them. *Acosta* v. *Tió,* 87 P.R.R. 248 (1963).

628

The judgment appealed from is modified reducing to $1,000 the amount of compensation, and as thus modified it will be affirmed.